In re Gregory D. BURNETT, Debtor.

No. 03–54157.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 12, 2003.

John K. James, Warner Robins, GA, for Debtor.

Catherine H. Alexander, Atlanta, GA, Eugene Hatcher, Macon, GA, for Respondents.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Debtor, Gregory D. Burnett's, motion to avoid judicial lien. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

On July 1, 2002, National Cooperative Services Corp. ("NCSC") obtained a judgment against Debtor in the amount of $7,597.72 in the Superior Court of Twiggs County, Georgia. The judgment was recorded on the general execution docket on July 8, 2002. Debtor filed a Chapter 7 petition on September 10, 2003. At the time of filing, Debtor individually owned a residence valued at $57,672. Debtor is married, but his wife has no ownership interest in the property. Also at the time of filing, the property was encumbered by a deed to secure debt for $35,661. No other creditors hold liens against the property. Thus, Debtor has equity of $22,011 in the property. On Schedule C of his petition, he claimed a homestead exemption of $20,000 pursuant to Official Code of Georgia ("O.C.G.A.") § 44–13–100(a)(1).

On September 16, 2003, Debtor filed a motion to partially avoid NCSC's judicial lien against all real and personal property on the ground that it partially impairs the exemptions to which Debtor would be entitled. Debtor acknowledges that NCSC's lien may attach to his residence in the

amount of $2,011. NCSC argues that Debtor's homestead exemption should be limited to $10,000, thus allowing NCSC's lien to attach in its entirety to the residence.

The Court held a hearing on this matter on December 1, 2003, and invited the parties to submit written briefs. Having considered the arguments of both parties, the Court finds that Debtor is entitled to a $20,000 homestead exemption, and the judgment lien may be avoided to the extent of $5,586.72.

### Conclusions of Law

■ Section 522(f) of the Bankruptcy Code allows a debtor to avoid the fixing of a judgment lien to the extent it impairs the debtor's exemptions. The Code section provides as follows:

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . . ."

. . .

[A] lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C.A. § 522(f)(1)(A), (f)(2)(A) (West Supp.2003).

At issue in this case is the third step in the lien avoidance calculation: "the amount of the exemption that the debtor could claim if there were no liens on the property." The result depends upon an interpretation of Georgia's homestead exemption, which provides as follows:

[A]ny debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

(1) The debtor's aggregate interest, not to exceed $10,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. *In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $20,000.00* [.]

O.C.G.A. § 44–13–100(a)(1) (2002) (emphasis added).

The final sentence of the provision, which is determinative in this case, was added in a 2001 amendment. 2001 Ga. ALS # 2, at 284. Neither the parties nor this Court is aware of any case law interpreting the new sentence. According to its language, in the case of spouses, if the residence is titled in only one spouse and that spouse is a bankruptcy debtor, he is entitled to a $20,000 exemption. The sentence uses the phrase "who is a debtor," which uses a singular verb, rather than the plural form "who are debtors," so that it refers to the "one" spouse holding title. In other words, the spouse holding title must be a bankruptcy debtor in order to take advantage of the $20,000 exemption, but the statute imposes no requirement that the non-titled spouse also be in bankruptcy.

■ NCSC has argued that according to the legislative history, the Georgia Gen-

eral Assembly intended the $20,000 exemption to apply when the house is titled in one spouse but the spouses file *joint* bankruptcy. However, a court's consideration of legislative history is limited to those situations in which the statutory language is ambiguous, vague, or otherwise uncertain. *Toibb v. Radloff,* 501 U.S. 157, 162, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991). As explained above, the language in this case is clear. "Thus, although a court appropriately may refer to a statute's legislative history to resolve statutory ambiguity, there is no need to do so here." *Id.*

Based on the plain language of O.C.G.A. § 44–13–100(a)(1), the Court finds that Debtor in this case is entitled to a homestead exemption of $20,000. Applying that figure to the lien avoidance formula results in partial avoidance of the lien. The value of the judgment lien ($7,597.72), plus all other liens ($35,661), plus the exemption ($20,000), minus Debtor's interest in the property ($57,672), equals the extent to which the lien may be avoided ($5,586.72). Thus, NCSC's lien may attach to Debtor's residential real property in the amount of $2,011, and the remaining $5,586.72 portion of the lien will be avoided.

An Order in accordance with this Opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby GRANTS Debtor Gregory D. Burnett's motion to partially avoid the judicial lien of National Cooperative Services Corp. to the extent of $5,586.72.