In re Kristi E. TAYLOR, Debtor.

Angelyn M. Wright, Trustee, Objector,

v.

Kristi E. Taylor, Respondent.

No. 04–69185–CRM.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 27, 2005.

Miles W. Rich, Miles W. Rich, P.C., Roswell, GA, for Debtor.

## ORDER

C. RAY MULLINS, Bankruptcy Judge.

**THIS MATTER** is before the Court on the Chapter 7 Trustee's Objection to Debtor's Exemptions (the "Objection") (Doc. No. 6), filed on August 10, 2004. On September 7, 2004, the Debtor filed the Response to Objection to Debtor's Exemptions (the "Response") (Doc. No. 7). On September 9, 2004, a non-evidentiary hearing was held on the Objection, and the Court permitted the parties to file supplemental briefs. On September 9, 2004, the Debtor filed the Supplemental Response to Objection to Debtor's Exemptions (the "Supplemental Response") (Doc. No. 9). On September 23, 2004, the Chapter 7 Trustee (the "Trustee") filed the Trustee's Memorandum in Support of Objection to Exemption (Doc. No. 12).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), as well as Rule 1070-1 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The issue is whether a debtor is entitled to a $20,000.00 homestead exemption pursuant to section 44–13–100(a)(1) of the Official Code of Georgia where the debtor's residence is titled in both spouses, yet only one spouse files bankruptcy. The Court sustains the Trustee's objection and enters the following findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. The Court holds that where a debtor and non-debtor spouse have joint title to the residence, the debtor is entitled to a $10,000.00 homestead exemption.

## I. FACTS

The parties do not dispute the facts of the instant case. The Debtor filed a petition for relief under chapter 7 of the Bank-

ruptcy Code on June 4, 2004. The Debtor is married, but separated from her spouse. The Debtor's spouse is not a debtor in the above-styled case, nor is he presently a debtor in a separate bankruptcy case. The Debtor and her spouse have joint title in real property located in Alpharetta, Georgia. The real property, which serves as the Debtor's residence, is subject to two liens including a mortgage in the amount of $157,000.00 and homeowners' association dues in the amount of $1,291.58. The Schedules list the current market value of the property at approximately $176,000.00. Pursuant to the Debtor's valuation, there would be approximately $17,708.42 of equity in the property. The Debtor seeks an exemption in that amount pursuant to section 44–13–100(a)(1) of the Official Code of Georgia. The Trustee objects and argues that the claimed exemption exceeds the amount the Debtor is entitled to exempt under Georgia law. The Trustee requests that the Debtor's homestead exemption be limited to $9,000.00, as the Debtor has claimed a $1,600.00 exemption in a 2001 income tax refund.[1]

## II. ANALYSIS

Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 522 of the Bankruptcy Code require a debtor to list property claimed as exempt on the debtor's schedules. Section 522 also defines the property that may be claimed as exempt. Although subsection (d) of section 522 specifies the type of property that a debtor may exempt, subsection (b) allows states to "opt out" of this federal exemption scheme and enact state exemption provisions.[2] Georgia has opted out of the federal exemptions and codified state bankruptcy exemptions in section 44–13–100(a) of the Official Code of Georgia ("O.C.G.A.").[3] Georgia's homestead exemption is set forth in section 44–13–100(a)(1), which was amended in 2001. The statute provides that any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:

> The debtor's aggregate interest, not to exceed $10,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. In the event title to

---

1. The Debtor can exempt an additional $600.00 in any property pursuant to section 44–13–100(6) of the Official Code of Georgia.

2. Section 522(b) provides, in pertinent part: Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
   (2) (A) property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately

preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law. 11 U.S.C. § 522.

3. Section 44–13–100(b) of the Official Code of Georgia expressly prohibits debtors who are domiciled in Georgia from applying or utilizing the federal exemptions articulated in section 522(d).

property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $ 20,-000.00[.]

O.C.G.A. § 44–13–100. Relying on section 44–13–100(a)(1), the Debtor argues that she is entitled to an exemption in the amount of $17,708.42. According to section 522($l$), unless a party in interest objects to the debtor's exemptions, the property claimed shall be exempt. Rule 4003(b) governs such objections and provides that any party in interest may object to the debtor's claimed exemption within thirty days after the conclusion of the meeting of creditors. The Trustee has timely objected and, as the moving party, has the burden of proving that the Debtor's claimed exemption is improper. *See* Fed. R. Bankr.P. 4003(c).[4] The Trustee argues that the Debtor's exemption should be limited to $10,000.00.

The Trustee and the Debtor disagree as to the interpretation of section 44–13–100(a)(1). The last sentence of the statute, added via a 2001 amendment, is at issue and states: "In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $ 20,000.00[.]" O.C.G.A. § 44–13–100. This language has been interpreted by several bankruptcy courts. In the case of *In re Burnett,* a bankruptcy case from the Middle District of Georgia, Judge Walker opined that the language of the provision is clear and provides that if the residence is titled in only one spouse, and that spouse is a bankruptcy debtor, he/she is entitled to a $20,000.00

exemption. *In re Burnett,* 303 B.R. 684, 686 (Bankr.M.D.Ga.2003) (Walker, J.). Declining to examine the legislative history of the statute, Judge Walker carefully analyzed the plain meaning of the statute:

> The sentence uses the phrase "who is a debtor," which uses a singular verb, rather than the plural form "who are debtors," so that it refers to the "one" spouse holding title. In other words, the spouse holding title must be a bankruptcy debtor in order to take advantage of the $ 20,000 exemption, but the statute imposes no requirement that the non-titled spouse also be in bankruptcy.

*Id.* Thus, Judge Walker recognized two requirements for members of the class protected by the statute: (1) title must be in only one spouse; and (2) the spouse holding title must be in bankruptcy. In the instant case, the Debtor and her spouse hold joint title to the residence. Accordingly, it appears that the Debtor is not a member of the protected class, and thus is not eligible for the exemption pursuant to the language of the statute.

In a thorough unpublished opinion from the Northern District of Georgia, Judge Drake ostensibly reached the same conclusion as Judge Walker: that the last sentence of section 44–13–100(a)(1) is "a special exception for cases in which the title to the residence is in the name of only one spouse" and "where the property is titled *in both spouses,* and either one spouse files bankruptcy or both spouses file bankruptcy, the statute by its own terms, would not apply." *In re Hartley,* Case No. 01–13332–WHD, slip op. at Doc. No. 21 (Bankr.N.D.Ga. July 18, 2002) (Drake, J.).

**4.** Although section 522($l$) does not explicitly mandate that the exemption be claimed in good faith, there is an inherent requirement of good faith that runs throughout the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, as evident by the various provisions that address the ramifications of improper conduct in bankruptcy proceedings. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 645, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); Fed. R. Bankr.P. 1008; Fed. R. Bankr.P 9011; 11 U.S.C. § 343; 18 U.S.C. § 152.

Since the subject real property is titled in both the Debtor and her spouse, it appears that the statute, on its face, would not be applicable to the Debtor.

■ In *In re Neary*, a well-reasoned unpublished opinion from the Northern District of Georgia, Judge Diehl looked beyond the language of section 44–13–100(a)(1) to the legislative history of the amendment. 2004 Bankr.LEXIS 617, Case No. 03–97808–MGD, slip op. at Doc. No. 24 (Bankr.N.D. Ga. April 21, 2004) (Diehl, J.). Criticizing the Debtor's sole reliance on the plain meaning of the statute, Judge Diehl asserted that:

> [U]nder Georgia law, the most important determinant of the meaning of a statute is legislative intent. "The cardinal rule of statutory interpretation is to ascertain the legislature's purpose in enacting a statute and then construe the statute to effect that purpose, avoiding interpretations that do not 'square with commonsense and sound reasoning.'"

*Id.* at \*6 (quoting *Ins. Dep't of Ga. v. St. Paul Fire & Cas. Ins. Co.*, 253 Ga.App. 551, 552, 559 S.E.2d 754, 756 (2002) (internal quotations and citations omitted)). The Court agrees with Judge Diehl's analysis. If statutory language is ambiguous or would produce an absurd result, the Court must look to the intent of the legislature in enacting the amendment. *Busch v. State*, 271 Ga. 591, 592, 523 S.E.2d 21, 23 (1999); O.C.G.A. § 1–3–1(a). The Court

finds that the phrase "in one of two spouses who is a debtor" in the last sentence of section 44–13–100(a)(1) is not entirely clear. Although the Court appreciates Judge Walker's analysis, the Court will also look to the legislative history of the statute for a more thorough understanding of this somewhat vague language.

■ Section 44–13–100(a)(1) was amended in 2001 by the General Assembly of Georgia. The amendment was introduced on the House floor as House Bill 373. 2001 Bill Tracking Ga. H.B. 373. The bill was then referred to the House Judiciary Committee, which revised the last sentence of the statute. *Id.* The original version of the statute provided that "[i]n the event title to property used for the exemption provided under this paragraph is in one of two spouses filing jointly, the unused portion of the exemption provided by this paragraph *as if such property had been owned jointly by both spouses* shall also be allowed." H.B. 373, 146th Gen. Assem., Reg. Sess. (Ga.2001) (Introduced Version) (February 1, 2001) (emphasis added). According to the Peach Sheet,[5]

> As introduced, that section of the bill allowed married people who owned their home in just one spouse's name to take advantage of the other spouse's right to a homestead exemption despite the fact that, technically, the other spouse did not have an ownership interest in the home. The language in the bill as intro-

5. "The State of Georgia does not publish an official legislative history other than the information contained in the House and Senate journals. Because the House and Senate journals contain little more than a record of votes taken on the floors of the House and Senate, the Georgia State University Law Review publishes an annual review of selected Georgia legislation known as the *Peach Sheets*™ in an effort to document legislative history. The *Peach Sheets* discuss significant pieces of legislation from the most recent Georgia General Assembly session that are likely to have an impact on the practice of law in Georgia." Available at *http://law.gsu.edu/lawreview/peachsheets.htm* (last visited January 26, 2005). By attending committee hearings, listening to sessions of the House and Senate, interviewing representatives and witnesses, and reviewing versions of the bill, author John Dyer provides a comprehensive and detailed analysis of the legislative intent in the enactment of House Bill 373.

duced provided that when a married couple jointly files for bankruptcy, and only one spouse has title to their home property, the couple will be treated as if they owned the property jointly. Accordingly, both can take advantage of the homestead exemption even though only one party actually owns the property.

John Dyer, *ARTICLE: Property: Homestead and Exemptions: Change the Provisions Relating to Exemptions for Purposes of Bankruptcy and Intestate Insolvent Estates; Change the Amounts of Certain Exemptions; Provide for Calculation of the Amounts of Certain Exemptions and the Standards, Practices, and Procedures Connected Therewith; Provide for the Duties of the Administrator of the Governor's Office of Consumer Affairs,* 18 Ga. St. U.L.Rev. 263, 266 (Fall 2001). Due to some concerns regarding the clarity of the language, the Judiciary Committee revised the last sentence. *Id.* The House never voted on the Judiciary Committee substitute, but a House floor substitute was created using the current language: "[i]n the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $ 20,000.00[.]" *Id.* at 267; 2001 Bill Tracking Ga. H.B. 373; H.B. 373, 146th Gen. Assem., Reg. Sess. (Ga.2001) (Enacted Version) (April 26, 2001). The floor substitute passed the House and then the Senate without any further changes. Dyer, *supra,* at 268. Governor Roy Barnes signed House Bill 373 into law on April 26, 2001. *Id.;* 2001 Bill Tracking Ga. H.B. 373. From this history, it appears that the statute was enacted to protect the non-debtor spouse's interest in the residence, even though the property was titled in the debtor. Examining the legislative histo-

ry, Judge Diehl likewise concluded that the legislature desired to ensure that families would receive the full exemption to which they would be entitled if the property were jointly owned. *Neary,* 2004 Bankr.LEXIS 617 at *6–7. Similarly, when reviewing the legislative history to determine whether married couples who file joint bankruptcy petitions are entitled to the $20,000.00 homestead exemption, Judge Drake deduced that "[t]he motivation behind the amendment appears to have been concern over the loss of a spouse's equitable interest in a married couple's primary residence when the residence is titléd in only one spouse, and the titled spouse files for bankruptcy." *Hartley,* Case No. 01–13332–WHD, slip op. at Doc. No. 21. The Court agrees with the reasoning of Judges Diehl and Drake, and upon consideration of the passage of House Bill 373, the Court holds that the General Assembly of Georgia intended to protect the *equitable* interest of a non-debtor spouse in a residence titled in the debtor. The purpose of the section, made applicable explicitly to bankruptcy, is to protect the non-debtor spouse's equitable interest from the debtor's creditors. *Hartley,* Case No. 01–13332–WHD, slip op. at Doc. No. 21. If the non-debtor spouse has title to the property, he/she does not need such protection. In the instant case, the Debtor's spouse has joint title to the property. Accordingly, the spouse does not have an equitable interest, but a real and true equity interest that cannot be reached by the Debtor's creditors. The Debtor's spouse does not need, nor is he entitled to, a $10,000.00 exemption in addition to the Debtor's $10,000.00 exemption.

Furthermore, should section 44–13–100(a)(1) be applied as the Debtor suggests, the statute would produce an absurd

result, unjustly enriching the debtor and/or the non-debtor spouse. As the Trustee notes, if she sells the subject property, the non-debtor spouse would receive his equity interest (one-half of the equity), yet the Debtor would receive a $20,000.00 homestead exemption. The result of the Debtor's interpretation of the statute is not supported by the language of section 44–13–100(a)(1) and is contrary to the legislative history. Moreover, such an outcome would be tantamount to "double-dipping" and would constitute unjust enrichment.

## III. CONCLUSION

Having considered the language and legislative history of section 44–13–100(a)(1), the Court concludes that, under the statute, where a residence is titled only in a married debtor, the debtor is entitled to a $20,000.00 homestead exemption to protect the equitable interest of the non-debtor spouse. Furthermore, the Court finds that where a residence is jointly titled in the names of the debtor and the non-debtor spouse, the debtor is limited to a $10,000.00 exemption. For the foregoing reasons,

**IT IS ORDERED** that the Trustee's Objection be and is hereby **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Debtor's exemption be limited to $9,000.00.

**IT IS FURTHER ORDERED** that the Debtor amend the Schedules in accordance with this ruling.

The Clerk's Office is directed to serve a copy of this Order upon the Debtor, Debtor's Counsel, the Chapter 7 Trustee, and the United States Trustee.